IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONNIE D. BROWN,

      Plaintiff,                  No. CIV S-06-2799 LKK GGH P

   vs.

GOVERNOR SCHWARZENEGGER, et al.,

      Defendants.        <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected

1    and forwarded by the appropriate agency to the Clerk of the Court each time the amount in
2    plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).
3           The court is required to screen complaints brought by prisoners seeking relief
4    against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
5    § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
6    claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
7    granted, or that seek monetary relief from a defendant who is immune from such relief.  28
8    U.S.C. § 1915A(b)(1),(2).
9           A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
10   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
11   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
12   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
13   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
14   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
15   Cir. 1989); Franklin, 745 F.2d at 1227.
16          A complaint, or portion thereof, should only be dismissed for failure to state a
17   claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
18   of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King &
19   Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also
20   Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing
21   a complaint under this standard, the court must accept as true the allegations of the complaint in
22   question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the
23   pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.
24   Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
25          The complaint contains five legal claims.  In claim one, plaintiff appears to allege
26   that he was denied due process with regard to the withdrawal of money from his prison trust

account to pay money he owes in restitution. Plaintiff alleges that he did not receive notice or a hearing prior to the removal of this money. California Penal Code § 2085.5 requires the California Department of Corrections to make deductions from the wages and trust account deposits of prisoners for payment of restitution obligations. These deductions were effected by a valid act of the California legislature, and the legislative process satisfied the requirements of procedural due process. See Halverson v. Skagit County, 42 F.3d 1257, 1260-61 (9th Cir. 1994)("general notice as provided by law is sufficient"); cf. Vance v. Barrett, 345 F.3d 1083, 1090-91 (9th Cir. 2003)(deductions from prisoners' accounts without statutory authorization require procedural safeguards). Accordingly, plaintiff's due process claim is without merit.

Plaintiff next alleges that defendants deprived him of his personal property in violation of his right to due process. Plaintiff alleges that defendants failed to follow proper procedures when they confiscated his property.

The United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause. An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).

In the instant case, plaintiff has not alleged any facts which suggest that the deprivation was authorized. That defendants failed to follow proper procedures in confiscating plaintiff's property demonstrates that the deprivation was unauthorized. The California Legislature has provided a remedy for tort claims against public officials in the California

1  Government Code, §§ 900, et seq.  Since plaintiff has not attempted to seek redress in the state
2  system, he cannot sue in federal court on the claim that the state deprived him of property
3  without due process of the law.  Accordingly, this claim is without merit.
4         Plaintiff next alleges that on or around December 5, 2006, he was placed in the
5  cage naked for from 1 p.m. to 4 p.m. for no reason, during which time he felt extremely cold.
6  Plaintiff alleges that defendants Busciligia placed him in the cage.  Plaintiff alleges that
7  defendants Vacquez and Ayers left him the cage.   The complaint states a colorable claim for
8  relief against these defendants.
9         Plaintiff next alleges that he was denied his rights pursuant to the Americans with
10 Disabilities Act (ADA).  Title II of the ADA prohibits discrimination on the basis of disability.
11 Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002).  Title II of the ADA applies to inmates
12 in state prison.  Armstrong v. Wilson, 124 F.3d 1019, 1023 (9th Cir. 1997).  In order to state a
13 claim of disability discrimination under Title II of the ADA plaintiff must allege four elements:
14 1) he is an individual with a disability; 2) he is otherwise qualified to participate or receive the
15 benefit of some public entity's services, programs, or activities; 3) he was either excluded from
16 participation in or denied the benefits of the public entity's services...or was otherwise
17 discriminated against by the public entity; and 4) such exclusion, denial...or discrimination was
18 by reason of his disability."  McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004).
19        Plaintiff alleges that he is legally blind.  Plaintiff alleges that defendants have
20 refused to send him to a DPP Facility.  The court does not know what a DPP facility is.  As stated
21 above, in order to plead an ADA claim plaintiff must allege that he was not allowed to participate
22 in or denied the benefits of some prison service.  Plaintiff's complaint contains insufficient
23 allegations regarding any program he was not allowed to participate in.  Accordingly, plaintiff's
24 ADA claim is dismissed.
25 /////
26

Finally, plaintiff alleges that defendants provided inadequate medical care to inmates suffering from common colds and a variety of other ailments. Plaintiff alleges that as a result of inadequate medical care, he has suffered weight loss, dizziness, hypertension, loss of appetite, etc. Plaintiff does not specifically describe the inadequate medical care he suffered which led to his medical problems. Nor does plaintiff identify which defendant provided the inadequate medical care. Without this information, the court cannot determine whether plaintiff has stated a colorable claim for relief. Accordingly, plaintiff's inadequate medical care claim is dismissed.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis is granted;

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. All of plaintiff's claims but for the claim regarding his placement in the cage are dismissed for the reasons discussed above, with leave to file an amended complaint within thirty days from the date of service of this Order. Failure to file an amended complaint will result in a recommendation that these defendants be dismissed from this action.

4. Upon filing an amended complaint or expiration of the time allowed therefor, the court will make further orders for service of process upon some or all of the defendants.

DATED: 1/31/07

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

br2799.bnf